[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REARGUE #128 and OBJECTION TO MOTIONTO REARGUE #129
The plaintiff, KBI Security Service, Inc. (KBI), brings this action requesting a new trial under General Statutes § 52-270
in the matter of Dalton v. KBI Security Services, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 273109.
In the present case, the report of the Attorney Trial Referee (ATR) was filed on February 27, 1995. The ATR found that KBI had "just" defenses to Dalton's action, and that it was reasonable for KBI to believe that its interest would be protected by its insurance company despite the fact that it received notices from the defendant and from the court. The ATR concluded that RBI sustained its burden of proof under § 52-270 in that it proved that it had just defenses and that it was denied a reasonable opportunity to appear and defend.
Dalton filed a motion to correct on March 10, 1995, which was denied by the ATR on April 12, 1995. On April 27, 1995, Dalton filed an objection to acceptance of the report. On May 2, 1995, the court, Tobin, J., entered judgment on the report in favor of KBI. On June 16, 1995, Dalton filed a motion to reargue. On June 28, 1994, KBI filed an objection.
Dalton seeks to reargue the motion for judgment on the ground that argument was not heard on the motion, and on the ground that his objection to the motion was not printed on the short calendar until May 30, 1995. In opposition, KBI argues that Dalton had until May 23, 1995 to file a motion to reargue (or an appeal) and did not do so until June 16, 1995. Thus, KBI contends that the court lacks jurisdiction to hear reargument.
Practice Book § 204B, which governs motions to reargue, provides in pertinent part that:
 (a) A party who wishes to reargue a decision or order rendered by the court shall, within twenty days from the issuance of notice of the rendition of the decision or CT Page 11786 order, file a motion to reargue. . . .
 (c) The motion to reargue shall be considered by the judge who rendered the decision or order. Such judge shall decide, without a hearing, whether the motion to reargue should be granted. If the judge grants the motion, the judge shall schedule the matter for hearing on the relief requested.
In the present case, judgment entered on May 5, 1995, and the motion to reargue was filed on June 16, 1995. Thus, Dalton's motion to reargue was not timely filed, as it was filed more than twenty days after the date that judgment entered on the ATR's report. Accordingly, the court denies the motion to reargue on the ground that it was not timely filed.
RICHARD J. TOBIN, JUDGE